Mr. Chief Justice Shepard
delivered the opinion of the Court:
This is an appeal from the decision of the Commissioner of Patents denying an application for a patent for an improvement in flying machines, filed by Hugo Mattulath, and prosecuted after his decease by his administratrix.
Having filed the transcript of the record in this court, the appellant has entered a motion for an order permitting her to prosecute said appeal without being required to prepay fees or costs or for the printing of the record. The application is founded on an act of Congress approved June 25th, 1910 [36 Stat. at L. 866, chap. 435], amending sec. 1 of an act entitled, “An Act Providing When Plaintiff May Sue as a Poor Person, and When Counsel Shall Be Assigned by the Court,” approved *412 July 20, 1892 (27 Stat. at L. p. 252, chap. 209, U. S. Comp, Stat. 1901, p. 706). The amended section reads as follows:
“That any citizen of the United States entitled to commence or defend any suit or action, civil or criminal, in any court of the-United States, may, upon the order of the court, commence and prosecute or defend to conclusion any suit or action, or a writ of error, or an appeal to the circuit court of appeals, or to the-Supreme Court, in such suit or action, including all appellate-proceedings, unless the trial court shall certify in writing that in the opinion of the court such appeal or writ of error is not taken in good faith, without being required to prepay fees or costs or for the printing of the record in the appellate court, or give security therefor, before or after bringing suit or action, or upon suing out a writ of error or appealing, upon filing in said court a statement under oath in writing that because of his poverty he is unable to pay the costs of said suit or action, or of such writ of error or appeal, or to give security for the same, and that he believes that he is entitled to the redress he seeks by such suit or action, or writ of error or appeal, and setting-forth briefly the nature of his alleged cause of action or appeal.”
The affidavit conforms to the requirement of the section, save that it omits to state that the applicant is a citizen of the United States. Assuming that she is a citizen of the United States, and that fact may be shown by an additional affidavit, the motion will be considered as if amended so as to supply the omission. The court of appeals of the District of Columbia is not expressly named in the section quoted. Though a court of the United States, it is not, strictly speaking, a circuit court of appeals, notwithstanding its functions are analogous by reason of-its being an intermediate court of appeals between the District of Columbia courts of original jurisdiction and the Supreme Court of the United States.
Assuming, but without now deciding, that appellate proceedings in this court are within the comprehension of this section, we are of the opinion that it has no application to the appellate-proceeding in this case. The language of the section limits its- *413 application to suits or actions commenced in any court of the United States, and extends it to writs of error and appeals “in •such suit or action.” The Patent Office is an important executive department. In the exercise of his functions, the decisions of the Commissioner of Patents, in the matter of applications for patents and interferences between applicants, affect private as well as public interests. In such decisions he exercises a function judicial in its nature, and for that reason statutes authorizing an appeal therefrom to the courts have been held to be within the power of Congress. United States ex rel. Bernardin v. Seymour, 10 App. D. C. 294-307; United States v. Duell, 172 U. S. 576. But the Patent Office is not, and cannot be converted into, a court of the United States.
The former section reads substantially as does this in regard to actions commenced in courts of the United States, and it has heretofore been interpreted by this court as applying only fo suits or actions commenced in such courts. McGrane v. McCann, 2 App. D. C. 221. In that case a motion to proceed in forma pauperis in an appeal from a decision of the probate •court was denied. In delivering the opinion of the court, Chief Justice Alvéy said: “This proceeding originated in a probate ■court, and is a probate proceeding, and is not a suit or action •commenced in. a court of the United States within the meaning of that statute. * * * The statute does not contemplate proceedings in a probate court; nor does it contemplate proceedings in an appellate court.”
The purpose of the amendment was to extend its benefits to proceedings in appellate courts. It made no change in its limitation to suits or actions commenced in courts of the United ■States save to extend it expressly to criminal actions.
It is not perceived how this proceeding can be deemed a suit ■or action any more than a proceeding instituted in a probate court may be so considered. See McGrane v. McCann, supra. But if regarded as a suit or action, it was not commenced in a ■court of the United States, and for that reason, if for no other, it is not within the operation of the section of the statute as .amended. The motion is denied.